UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 0 7 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| ELIZABETH LEE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 01-1110 (ESH) |
| DIANA WOLFSON, *et al.* | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

## MEMORANDUM OPINION

Plaintiff has sued for damages as a result of injuries she suffered when she was struck by an unattended vehicle in a parking garage. Defendant DaimlerChrysler argues that plaintiff's claims are barred by the statute of limitations and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Upon consideration of the pleadings and relevant law, the Court denies defendant's motion with respect to plaintiff's tort claims but grants the motion with respect to her breach of warranty claim.

## FACTUAL BACKGROUND

Plaintiff Elizabeth Lee has brought this suit to recover damages from injuries sustained on October 16, 1998, when a 1993 Jeep Wrangler, owned by defendant Diana Wolfson, rolled down the ramp of the parking garage and struck her as she was exiting her car. Wolfson had left the Jeep at the garage entrance at the top of the ramp for the parking attendant to park. (Am. Compl. ¶ 9.) Plaintiff was parking her car at the bottom of the ramp at the time. Defendant,



DaimlerChrysler Corporation ("DCC"), is the designer, manufacturer, distributor, and/or seller of the Jeep Wrangler that struck plaintiff. (*Id.* ¶ 28.)

Following the accident, plaintiff thought that the parking attendant might have released the parking brake as he approached to park the car or that Wolfson might have failed to set the brake properly when she left her car. (*Id.* ¶¶ 9, 10.) Police officers investigating the accident tested the Jeep's parking brake and found it to be in working order. (Plaintiff's Opposition to Defendant DaimlerChrysler Corp.'s Motion to Dismiss Plaintiff's Amended Complaint ["Pl.'s Opp."] at 2.) In addition, Wolfson had not previously had any problems with the parking brake and an accident reconstruction expert retained by plaintiff's counsel to investigate this matter did not identify any public notice of problems with the braking system of the 1993 Jeep Wrangler. (*Id.*) However, on February 13, 2002, the National Highway Traffic Safety Administration ("NHTSA") issued a public recall of the 1993 Jeep Wrangler to repair a defect in the design in the parking brake system. (*Id.* at 3.) The defect could cause the parking brake to release without warning, allowing the vehicle to roll away. (*Id.*) Plaintiff alleged that due to the nature of the design defect, the problem "would not be detectable after a release event, even if the automobile itself were tested and the brake system disassembled and exhaustively examined." (*Id.* at 4.)

Plaintiff brought two separate suits as a result of the accident. In December 2001, this Court granted plaintiff's motion to consolidate the cases. In one action, plaintiff sued Howard and Linda Lerch, Diana Wolfson's parents, and 888, Inc., the owner of the restaurant where Wolfson worked. In April 2002, plaintiff dismissed defendant Howard Lerch pursuant to Fed. R. Civ. P. 41(a). The Court granted defendant 888, Inc.'s motion for summary judgment in June 2002 and defendant Linda Lerch's motion for summary judgment in September 2002. In the related action, plaintiff initially sued Wolfson and Colonial Parking for negligence (Counts I and

II) on May 23, 2001. Plaintiff amended this complaint on November 18, 2002, adding DCC as an additional defendant and asserting claims for negligent design (Count III), negligent failure to warn (Count IV), strict liability in tort (Count V), and breach of warranty (Count VI). DCC has now filed this motion to dismiss arguing that these claims are barred by the relevant statutes of limitation.

The question before the Court is when plaintiff's claims against DCC accrued. Defendant argues that plaintiff's tort claims accrued in October 1998, at the time of the injury, and that the breach of warranty claim accrued at the time the Jeep was sold in 1993. (Memorandum of Points and Authorities in Support of Defendant DaimlerChrysler Corporation's Motion to Dismiss Plaintiff's Amended Complaint ["Def.'s Mem."] at 3, 4.) Plaintiff argues that the discovery rule applies to these claims, and as a result, her claim did not accrue until February 2002, when she became aware of possible wrongdoing by DCC as a result of the NHTSA's public recall. (Pl.'s Opp. at 4.) Plaintiff argues that due to the latency of the design defect in the parking brake system, she did not know and could not have known that she had a cause of action against DCC until that time.

## LEGAL ANALYSIS

### I. Legal Standard

Under Rule 12(b)(6), dismissal is appropriate only where a defendant has "show[n] 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *In re Swine Flu Immunization Products Liability Litigation*, 880 F.2d 1439, 1442 (D.C. Cir. 1989) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1955)). In evaluating a motion to dismiss, the Court is limited to considering allegations in the complaint,

3

but may consider matters of public record without converting the motion to one for summary judgment. *Marshall County Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226, n. 6 (D.C. Cir. 1993). *See also Smith v. Brown & Williamson Tobacco Corp.*, 3 F. Supp. 2d 1473, 1475 (D.D.C. 1998). The allegations in plaintiff's complaint must be presumed true for purposes of a 12(b)(6) motion, and all reasonable factual inferences should be construed in plaintiff's favor. *Maljack Productions, Inc. v. MPAA*, 52 F.3d 373, 375 (D.C. Cir. 1995); *Phillips v. BOP*, 591 F.2d 966, 968 (D.C. Cir. 1979).

## II.   Tort Claims

Plaintiff's tort claims are governed by the District of Columbia's three-year statute of limitations. D.C. Code § 12-301(8). Thus, plaintiff must file her claims within three years of the date on which they accrued. Generally, a cause of action accrues for the purposes of the statute of limitations at the time the injury actually occurs. *Mullin v. Washington Free Weekly*, 785 A.2d 296, 298 (D.C. 2001); *Bussineau v. President and Directors of Georgetown College*, 518 A.2d 423, 425 (D.C. 1986); *Knight v. Furlow*, 553 A.2d 1232, 1234 (D.C. 1989). However, in cases where the relationship between the fact of injury and the tortious conduct is obscure, District of Columbia law provides for the application of a discovery rule and the statute of limitations will not run until plaintiff knows or reasonably should know that an injury has been suffered due to the defendant's wrongdoing. *Mullin*, 785 A.2d at 298-99; *Williams v. Mordkofsky*, 901 F.2d 158, 162 (D.C. Cir. 1990); *Bussineau*, 518 A.2d at 425; *Knight*, 553 A.2d at 1234. Specifically, under the discovery rule, "a cause of action accrues when the plaintiff has knowledge of (or by the exercise of reasonable diligence should have knowledge of) (1) the

existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *Bussineau*, 518 A.2d at 425.

Defendant argues that the discovery rule does not apply here because the fact of the injury was readily apparent at the time that the Jeep struck plaintiff. However, defendant's interpretation of the proper application of the discovery rule under District of Columbia law is far too narrow. In this jurisdiction, the discovery rule has been applied in medical malpractice, legal malpractice, and latent disease cases where the fact of the injury is not apparent at the time the injury occurs. *See, e.g., Knight*, 553 A.2d at 1234; *Williams*, 901 F.2d at 162; *Colbert v. Georgetown University*, 641 A.2d 469, 472 (D.C. 1994); *Wilson v. Johns-Manville Sales Corp.*, 684 F.2d 111, 115-16 (D.D.C. 1982). It is, however, also applicable to negligence cases where a plaintiff is aware of the injury but lacks knowledge of its cause or of wrongdoing by the defendant. *Dawson v. Eli Lilly and Company*, 543 F. Supp. 1330 (D.D.C. 1982); *Bussineau*, 518 A.2d at 435; *In re Swine Flu Immunization Products Liability Litigation*, 880 F.2d 1439 (D.C. Cir. 1989); *Baker v. A.H. Robbins*, 613 F. Supp. 994 (D.D.C. 1985); *Brown & Williamson*, 3 F. Supp. at 1475 (parties agree that discovery rule applies in product liability action against tobacco company and that, therefore, "plaintiffs' claims accrued when plaintiffs knew or by the exercise of reasonable diligence should have known of smoker's injury, its cause in fact and some wrongdoing by defendants"). The application of the discovery rule in these types of cases advances the rule's purpose of preventing the accrual of a cause of action before plaintiff can reasonably be expected to know that she has a cause of action. *Dawson*, 543 F. Supp. at 1334. *See also East v. Graphic Arts Industry Joint Pension Trust*, 718 A.2d 153, 157 (D.C. 1998) (discovery rule "is designed to prevent the accrual of a cause of action before an individual can reasonably be expected to discover that he has a basis for legal redress").

This Court applied the discovery rule and required knowledge of some wrongdoing by defendant to trigger the statute of limitations in a products liability case where plaintiff was unaware that her condition was caused by defendant's wrongdoing at the time she was diagnosed. *Dawson*, 543 F. Supp. at 1334. In *Dawson*, the daughter of a woman who took the drug DES during her pregnancy brought a products liability action against the drug manufacturer alleging that the DES had caused her injury. The Court ruled that the statute of limitations began to run when "plaintiff learned, or in the exercise of due diligence should have learned, that her injuries were the result of some wrongdoing on the part of the defendant," and not at the time, many years earlier, when plaintiff first became aware that her condition was caused by the drug. *Dawson*, 543 F. Supp. at 1339. Significantly, *Dawson* has been cited with approval by the District of Columbia Court of Appeals. *See Bussineau*, 518 A.2d at 428; *Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1201-1202 (D.C. 1984).

Given the above precedents, the Court must reject defendant's argument that a plaintiff asserting a claim for an injury allegedly caused by a latent design defect may not invoke the discovery rule. Just as "a person who has reacted adversely to medical treatment or to a drug or other medical device cannot automatically be expected to know that wrongful conduct, and thus a possible cause of action, is involved," *Dawson*, 543 F. Supp. at 1337, plaintiff here cannot automatically be expected to know that wrongful conduct on the part of DCC might have caused the release of the Jeep's parking brake at the time of her injury, particularly when no defect in the parking brake was revealed during the investigation of the accident by the police or plaintiff's expert. Thus, the relationship between Lee's injury and DCC's alleged wrongdoing was obscure at the time of the injury and the discovery rule must be applied to plaintiff's tort claims.

Under the discovery rule, the statute of limitations for plaintiff's tort claims against DCC did not begin to run until she knew, or should have known, of the possibility of DCC's wrongdoing. *Id.* at 1339; *Bussineau*, 518 A.2d at 435. Defendant argues that plaintiff's claims are time-barred even if the discovery rule applies because she should have known of potential wrongdoing by DCC at the time of the accident but that she failed to adequately investigate. Plaintiff argues that she did not know and could not have known of the design defect in the Jeep's emergency brake prior to the issuance of the recall in February 2002.

Defendant, as the moving party, bears a heavy burden when moving for a motion to dismiss based on statute of limitations grounds. Although "[w]hat constitutes the accrual of a cause of action is a question of law," determining when accrual occurs in a specific case is a question of fact. *Diamond v. Davis*, 680 A.2d 364, 370 (D.C. 1996). Consequently, "a court may dismiss a claim on statute of limitations grounds only if 'no reasonable person could disagree on the date on which the cause of action accrued.'" *Brown & Williamson*, 3 F. Supp. 2d at 1475 (quoting *Kuwait Airways Corp. v. American Security Bank, N.A.*, 890 F.2d 456, 463 n.11 (D.C. Cir. 1989)). Here, the date on which plaintiff knew or should have known of DCC's wrongdoing is in dispute. Since determining when a claim accrues is a question of fact, it is for jury and not the court to decide. *See Dawson*, 543 F. Supp. at 1339 (Court "cannot decide as a matter of law that plaintiff did not exercise due diligence in discovering defendants' alleged wrongdoing. This is a question of fact to be decided by the jury."); *Ehrenhaft*, 483 A.2d at 1204 ("We cannot decide as a matter of law that appellant knew or should have known of the alleged defects for more than three years at the time the complaint was filed, which would thereby make his claims untimely. This is a question to be decided by the trier of fact."); *Ezra Co. v. Psychiatric Inst. of Washington, D.C.*, 687 A.2d 587, 593 (D.C. 1996) (dismissal is not

7

appropriate where the diligence of plaintiff's investigation is disputed). Consequently, the motion to dismiss must be denied with respect to plaintiff's tort claims.

### III. Breach of Warranty

Plaintiff's final claim against DCC, for breach of express and implied warranties (Am. Compl. ¶ 50), is governed by a four-year statute of limitations, pursuant to the Uniform Commercial Code § 2-275, which has been adopted in the District of Columbia. D.C. Code § 28:2-725(1). *See also Hull v. Eaton Corp.*, 825 F.2d 448, 456 (D.C. Cir. 1987); *Long v. Sears Roebuck & Co.*, 877 F. Supp. 8, 13-14 (D.D.C. 1995). The District of Columbia Code explicitly defines when a claim for breach of contract accrues:

> A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

D.C. Code § 28:2-725(2). Thus, this Circuit has held that "[g]iven the clear words of the statute, and in the absence of controlling authority to the contrary," the discovery rule does not apply to breach of warranty claims. *Hull*, 825 F.2d at 456. *See also Long*, 877 F. Supp. at 14 ( "the discovery rule does not apply to determine when the statute of limitations begins to run for breach of warranty products liability claims," and "the statute of limitations accrues when tender of delivery of the warrantied product is made").

Plaintiff concedes that the discovery rule does not apply to her breach of implied warranty claim (Pl.'s Opp. at 10), but argues that it does apply to her breach of express warranty claim under the exception provided by the D.C. Code. While § 28:2-725(2) does provide for

application of the discovery rule "where a warranty explicitly extends to future performance of the goods," there is no allegation here that such an express warranty exists. Consequently, the Court concludes that plaintiff's breach of warranty claims accrued in 1993, when defendant Wolfson purchased the Jeep. Plaintiff brought this action approximately nine years later in November 2002, well after the four-year limitations period had run. Accordingly, plaintiff's claim for breach of express and implied warranties (Count VI) is dismissed as barred by the statute of limitations.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is denied with respect to plaintiff's tort claims but is granted with respect to plaintiff's breach of warranty claim and the breach of warranty claim is dismissed with prejudice. A separate Order accompanies this Opinion.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Dated: 5/7/03